FILED
JUN 19 2014
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR. NO. 3:14cr335-MEF |
| | ) | [18 U.S.C. § 1343; |
| TERESA FLOYD, | ) | 18 U.S.C. § 1028A(a)(1), (c)(5); |
| | ) | 18 U.S.C. § 981(a)(1)(C)] |
| | ) | |
| Defendant. | ) | **INDICTMENT** |

**The Grand Jury charges that:**

## INTRODUCTION

At times relevant to this Indictment:

1. Defendant TERESA FLOYD resided in Phenix City, Alabama, within the Middle District of Alabama. Defendant TERESA FLOYD owned and operated a tax preparation business called T & L Tax Service that was located in Phenix City, Alabama.

2. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, or date of birth.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

11543657.1

## COUNTS ONE THROUGH EIGHT
(Wire Fraud)

1.      The factual allegations contained in Paragraphs 1 through 3 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      From in or about December 2013, through in or about May 2014, within the Middle District of Alabama and elsewhere, Defendant TERESA FLOYD, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals, and writings, to wit: electronically filed tax returns.

### THE SCHEME AND ARTIFICE

3.      It was part of the scheme and artifice that Defendant TERESA FLOYD would and did obtain the means of identification of individuals, including their names, dates of birth, and Social Security numbers.

4.      It was further part of the scheme and artifice that Defendant TERESA FLOYD would and did use the means of identification of actual persons to prepare and electronically file and cause to be filed fraudulent federal individual income tax returns.

5.      It was further part of the scheme and artifice that Defendant TERESA FLOYD would and did create and otherwise obtained fictitious identification documents and bills.

## THE WIRE COMMUNICATIONS

6. On or about each date listed below, in the Middle District of Alabama, Defendant TERESA FLOYD, for the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, transmitted, and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

| Count | Date of Offense | Wire Communication |
|---|---|---|
| 1 | 01/30/2014 | Electronically Filed Tax Return in the name of K.D. claiming a tax refund of $1,941 |
| 2 | 01/30/2014 | Electronically Filed Tax Return in the name of S.K. claiming a tax refund of $2,011 |
| 3 | 01/30/2014 | Electronically Filed Tax Return in the name of R.S. claiming a tax refund of $1,791 |
| 4 | 01/31/2014 | Electronically Filed Tax Return in the name of J.Al. claiming a tax refund of $1,615 |
| 5 | 01/31/2014 | Electronically Filed Tax Return in the name of J.At. claiming a tax refund of $1,695 |
| 6 | 01/31/2014 | Electronically Filed Tax Return in the name of A.A. claiming a tax refund of $1,783 |
| 7 | 02/05/2014 | Electronically Filed Tax Return in the name of S.K. claiming a tax refund of $1,646 |
| 8 | 02/10/2014 | Electronically Filed Tax Return in the name of J.H. claiming a tax refund of $1,846 |

All in violation of Title 18, United States Code, Section 1343.

11543657.1

## COUNTS NINE THROUGH SIXTEEN
(Aggravated Identity Theft)

1. The factual allegations contained in Paragraphs 1 through 3 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about each date listed below, within the Middle District of Alabama, Defendant TERESA FLOYD did knowingly use the means of identification of another person without lawful authority during and in relation to an offense in this Indictment identified as a Related Count below, that is, she knowingly used the names and Social Security numbers of actual persons known to the grand jury, listed by their initials below, to commit wire fraud in violation of 18 U.S.C. § 1343 by filing fraudulent federal income tax returns:

| Count | Date of Offense | Related Count | Individual | Refund Amount |
|---|---|---|---|---|
| 9 | 01/30/2014 | 1 | K.D. | $1,941 |
| 10 | 01/30/2014 | 2 | S.K. | $2,011 |
| 11 | 01/30/2014 | 3 | R.S. | $1,791 |
| 12 | 01/31/2014 | 4 | J.Al. | $1,615 |
| 13 | 01/31/2014 | 5 | J.At. | $1,695 |
| 14 | 01/31/2014 | 6 | A.A. | $1,783 |
| 15 | 02/05/2014 | 7 | S.K. | $1,646 |
| 16 | 02/10/2014 | 8 | J.H. | $1,846 |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Eight of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction for the offenses alleged in Counts One through Eight, the Defendant TERESA FLOYD shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds of said violations, including, but not limited to, the following: a Judgment in the amount of approximately $320,397.00.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third-party

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

11543657.1

TRUE BILL:

_____
Foreperson

GEORGE L. BECK, JR.
United States Attorney

_____
Todd A. Brown
Kevin P. Davidson
Assistant United States Attorney

_____
Michael Boteler
Trial Attorney
United States Department of Justice
Tax Division

11543657 1